UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDIPKUMAR TANDEL, | No. 2:11-cv-00353-MCE-GGH |
| Plaintiff, | |
| v. | **ORDER CONSOLIDATING RELATED CASES** |
| COUNTY OF SACRAMENTO, SHERIFF JOHN McGINEESS, individually and in his official capacity, ANN MARIE BOYLAN, the chief of CORRECTIONAL HEALTH SERVICES in her individual and official capacity, ASA HAMBLY MD, individually and in her official capacity as Acting Medical Director of Sacramento County Jail, KRONER RN, FELICIANO NP, JAMES AUSTIN NP, BAUER MD, SOKOLOV MD, GARVEY MD, SOTAK, KO MD, SAHBA MD, in their individual capacities, and OFFICER WILSON in his individual and official capacity, and DEFENDANT DOES 1-50 [Officer Does 1-15, Medical Does 16-35, Custodial Staff Supervisor Does 36-40, Medical Staff Supervisor Does 41-50] in their official and individual capacities, | |
| Defendants. | |

| | |
|---|---|
| SANDIPKUMAR TANDEL, | No. 2:09-cv-00842-MCE-GGH |
| Plaintiff, | |
| v. | |
| COUNTY OF SACRAMENTO, SHERIFF JOHN McGINEESS, individually and in his official capacity as Sacramento County Sheriff, ANN MARIE BOYLAN, individually and in her official capacty as Chief of Sacramento County Jail Correctional Health Services, Dr. SMITH M.D., Dr. HAMBLY M.D., And Dr. HOROWITZ M.C. and DOES 1-XXX, | |
| Defendants. | |
| _____/ | |

By Order dated March 31, 2011, these cases were deemed related in accordance with the provisions of Local Rule 123(a). Counsel for Defendant in both cases, the County of Sacramento, has now moved to consolidate the above numbered and entitled lawsuits, pursuant to Federal Rule of Civil Procedure 42(a), into a single action. Rule 42(a) provides in pertinent part as follows:

> "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort.

///

1  See, e.g., Enterprise Bank v. Saettele, 21 F.3d 233, 235-36 (8th
2  Cir. 1994); E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir.
3  1998). Consolidation of appropriate cases also guards against the
4  risk of inconsistent adjudications.   E.E.O.C. v. HBE Corp.,
5  135 F.3d at 550-51.
6      Factually, both cases assert violations of 42 U.S.C. § 1983
7  stemming from allegedly inadequate medical care received by
8  Plaintiff while incarcerated at the Sacramento County Main Jail.
9  Although two separate period of incarcerations are implicated by
10 the two lawsuits, they both identify purported inadequacies in
11 the care Plaintiff received for a rare virulent autoimmune
12 disorder, Neuromyelitis Optica.  The Defendants in both cases,
13 aside from Sacramento County itself, are similar although not
14 identical.  As indicated above, the Court has already determined
15 that the cases are related in the sense that they involve similar
16 questions of fact and of law.  Consolidation may be proper in
17 instances where numerous lawsuits arise from the same common
18 nucleus of operative facts.  See Team Enterprises, LLC v. Western
19 Investment Real Estate Trust, 2008 WL 4712759, * 1-2 (E.D. Cal.,
20 Oct. 23, 2009) (consolidation appropriate where actions presented
21 similar factual issues).  The Court must nonetheless weigh
22 considerations of judicial convenience in this regard against any
23 potential for delay, confusion and/or prejudice caused by
24 consolidation.  Southwest Marine, Inc. v. AAA Machine Shop, Inc.,
25 720 F. Supp. 805, 807 (N.D. Cal. 1989).
26 ///
27 ///
28 ///

1  Plaintiff has not opposed the County of Sacramento's
2 consolidation request.  Nor have counsel for any other Defendants
3 having appeared in these actions filed any opposition.  While
4 counsel for Defendants Sokolov and Garvey have expressed concern
5 about the logistics of consolidation should the Scheduling Order
6 applicable to the earlier filed case remain in effect, as set
7 forth below the current Scheduling Order in Case No. 2:09-cv-
8 0842-MCE-GGH will be vacated.  Accordingly there appears no
9 dispute that consolidation is appropriate.

10  Given that consensus, and following the Court's own
11 determination that consolidation will promote clarity, efficiency
12 and the avoidance of confusion and prejudice given the above-
13 enumerated common nucleus of operative facts, Defendant County of
14 Sacramento's Motion to Consolidate (filed as ECF No. 51 in Case
15 No. 2:09-cv-00842-MCE-GGH, and ECF No. 9 in Case No. 2:11-cv-
16 00353-MCE-GGH) is hereby GRANTED.[1]  The Court, in its discretion,
17 may order consolidation under those circumstances. See Johnson
18 v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

19  Both actions are consequently consolidated for all purposes,
20 including trial.  The lead case in this consolidated action shall
21 be Tandel v. County of Sacramento, et al., Case No. 2:11-cv-
22 00353-MCE-GGH.  All pending dates in both actions are hereby
23 vacated.
24 ///
25 ///
26

---

27  [1] Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
28 argument.  E.D. Local Rule 230(g).

4

The parties are directed to submit a Joint Status Report in accordance with the requirements outlined within the Court's March 31, 2011 Order Requiring Joint Status Report in Case No. 2:11-cv-00353-MCE-GGH.

　　IT IS SO ORDERED.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE