1  **LONGYEAR, O'DEA & LAVRA, LLP**
Van Longyear, CSB No. 84189

2  Jennifer Marquez, CSB No. 232194
3620 American River Drive, Suite 230
Sacramento, California 95864-5923

3  Tel: (916)974-8500 Fax: (916)974-8510
Attorneys for Defendants County of

4  Sacramento, John McGinness, Ann Marie
Boylan, Michael Sotak, M.D., Susan

5  Kroner RN, Agnes R. Felicano NP,
James Austin NP, John Ko, M.D., Goli

6  Sahba, M.D., John Wilson, Robert Bauer,
M.D., Asa Hambly, M.D., Hank Carl,

7  RN. Tracie Keillor and Pablito Gaddis

**PORTER SCOTT**

8  A PROFESSIONAL CORPORATION
Norman V. Prior, CSB No. 125457

9  Kimberly Kakavas Garner,
CSB No. 264642

10  350 University Avenue, Suite 200
Sacramento, CA 95825

11  Tel: (916)929-1481 Fax: (916)927-3706
Attorneys for Defendants, Chris Smith,
M.D.

**THE LAW OFFICES OF GERI LYNN GREEN**
Geri Lynn Green, CSB No. 127709
Julien Swanson, CSB No. 193957
155 Montgomery Street, Ste. 901
San Francisco, CA 94104
Tel: (415) 982-2600 Fax: (415)358-4562
Attorneys for Plaintiff

**THE LAW OFFICES OF DENNISE S. HENDERSON**
Dennise Henderson, CSB No. 208640
1903 Twenty-First Street
Sacramento, CA 95811
Tel: (916)456-2027
Attorneys for Plaintiff

12

13                    **UNITED STATES DISTRICT COURT**

14                    **EASTERN DISTRICT OF CALIFORNIA**

15  SANDIPKUMAR TANDEL,                    **CASE NO.  2:11-cv-00353 MCE AC**

16              Plaintiff,                  **[Consolidated with Case No.  2:09-cv-00842 MCE GGH]**

17  vs.
                                           **STIPULATION FOR AMENDED**
18  COUNTY OF SACRAMENTO, et al.,          **PROTECTIVE ORDER AND**
                                           **AMENDED PROTECTIVE ORDER**
19              Defendants.

20

21

22          Prior to the consolidation of Case Nos. 2:09-CV-00842 and 2:11-CV-00353, the parties

    in Case No. 2:09-CV-00842 stipulated and this Court, with modifications, approved the
23
    protective order. See Case No. 2:09-CV-00842, Doc. 48.  The protective order only pertained to
24
    Plaintiff's first lawsuit in 2007. Since then, Plaintiff filed a subsequent lawsuit for incidents that
25

26

1   occurred in 2010. Both cases were consolidated and the consolidated lawsuit now covers

2   Plaintiff's incarcerations at the Sacramento County Main Jail in 2007 and 2010.

3           The parties hereby stipulate that the Court's previous order apply for the consolidated

4   case, which covers all of Plaintiff's incarcerations at the Sacramento County Main Jail.

5   Otherwise, the protective order has not substantively been amended.  The parties did modify the

6   protective order to include paragraph 8, as the Court previously ordered. See Case No. 2:09-CV-

7   00842, Doc. 48.

8           The parties hereby stipulate to the following protective order:

9   1.   In connection with discovery proceedings in this action, the parties hereby designate

10       documents as "confidential" under the terms of this Stipulation for Protective Order

11       (hereinafter "Order").  The documents protected pursuant to this Order have not been

12       made public and the disclosure of said documents would have the effect of causing harm.

13  2.   The documents eligible for protection under this order include:

14       A.  Medical information regarding a third party, including but not limited to inmate

15           grievances/complaints and medical records. Production of such documents would

16           violate a third party's right to privacy.

17       B.  Confidential minutes from various Sacramento County Main Jail meetings which

18           would reveal the deliberations, communications and pre-decisional mental

19           process made in regard to the quality assurance for medical and mental health

20           care provided to the inmates. The meetings are private and not open to the public.

21           The minutes from the meetings remain confidential and are not disseminated to

22           the public. The minutes contain confidential opinions, suggestions or

23           recommendations regarding quality of medical and mental health care to inmates

24           that should be protected.

1
2
3
4
5
6

        C.  A third party's personnel file. Production of such documents would violate a third party's right to privacy.

        D.  Sacramento County Main Jail entries/logs regarding the main jail operations. Production of such documents would compromise the safety and security of the main jail, employees and inmates.

7
8
9
10

3.   By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

11
12
13
14
15

4.   Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL".  The producing party shall also watermark and/or affix legends to such documents using the words "CONFIDENTIAL - SUBJECT TO COURT ORDER."

16
17
18
19
20

5.   Documents designated as "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

21
22
23
24
25
26
27
28

6.   Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel).  Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

7. The Confidential Material produced pursuant to this Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances redact when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (*e.g.*, "social security number," etc.)  This provision complies with Eastern District Local Rule 140.

8. All parties shall comply with the procedural requirements of Eastern District Local Rules 141 and 141.1 regarding the sealing of documents. The substantive standards set forth in the Ninth Circuit for filing documents under seal are found in <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010) and <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002).

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its

right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

12. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted. Any confidential material filed with the court, sealed or otherwise, will not be returned at the conclusion of the litigation.


**IT IS SO STIPULATED.**

Dated: December 5, 2012          LAW OFFICES OF GERI LYNN GREEN, LC

By: */s/ Geri Lynn Green*
        GERI LYNN GREEN
        Attorney for Plaintiff


Dated: December 5, 2012          LAW OFFICES OF DENNISE HENDERSON

By: */s/ Dennise Henderson*

1

                              DENNISE HENDERSON
                              Attorney for Plaintiff

2

3   Dated: December 5, 2012          LONGYEAR, O'DEA AND LAVRA, LLP

4                              By: */s/ Jennifer Marquez*
                                    VAN LONGYEAR

5                                    JENNIFER MARQUEZ
                                  Attorneys for Defendants County of Sacramento,

6                                  John McGinness, Ann Marie Boylan, Michael
                                  Sotak, M.D., Susan Kroner RN, Agnes R. Felicano

7                                  NP, James Austin NP, John Ko, M.D., Goli Sahba,
                                  M.D., John Wilson, Robert Bauer, M.D., Asa

8                                  Hambly, M.D., Hank Carl, RN. Tracie Keillor and
                                  Pablito Gaddis

9

10  Dated: December 5, 2012          PORTER SCOTT

11

12                             By: */s/ Norman V. Prior*
                                      NORMAN V. PRIOR

13                                  KIMBERLY KAKAVAS GARNER
                                  Attorneys for Defendant Chris Smith, M.D.

14

15  **IT IS SO ORDERED.**

16  Dated: January 7, 2014

17                                ALLISON CLAIRE
                                  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28